Wilmer Dallam Masterson, III, Kilgore & Kilgore, Dallas, TX, for plaintiff.

Mark A. Shank, Clark West Keller Butler & Ellis, Dallas, TX, for defendants.

*ORDER GRANTING MOTION TO DISMISS AND DECLARING MOOT ALTERNATIVE MOTION FOR SUMMARY JUDGMENT*

MALONEY, District Judge.

Before the Court are Defendants' Motion to Dismiss and Alternative Motion for Summary Judgment. The motions are opposed. After consideration of the motions, response, and reply, the Court is of the opinion that the Motion to Dismiss should be granted and the Alternative Motion for Summary Judgment should be declared moot.

Olson was formerly employed by NCR, a Maryland corporation which was subsequently acquired by American Telephone & Telegraph. In conjunction with her employment at NCR, Olson signed a written employment agreement which provided that any controversy or claim arising out of or relating to the employment agreement will be settled by

**J. Meg OLSON, Individually and on behalf of all others similarly situated, Plaintiffs,**

v.

**AMERICAN ARBITRATION ASSOCIATION, INC., and Molly Bargenquest, Defendants.**

No. 3:94–CV–2080–T.

United States District Court, N.D. Texas, Dallas Division.

Jan. 31, 1995.

arbitration. On August 4, 1993, Olson instituted a lawsuit in state court against NCR and some individual defendants seeking damages for intentional infliction of emotional distress. Defendants filed a motion to compel arbitration which was granted by the trial court. The arbitration hearing was scheduled for December 12, 1994, but no decision has yet been rendered.

On August 30, 1994, Olson filed the instant suit, on behalf of herself and others similarly situated, against the American Arbitration Association and Bargenquest. Olson alleges that the AAA and Bargenquest misrepresented the AAA's services in violation of the Texas Deceptive Trade Practices Act. Specifically, Olson alleges that Defendants have represented to the public that the AAA provides impartial arbitration services through neutral arbitrators who are neither biased nor have a presumption of bias. Olson contends that the arbitration panels are biased in favor of employers in employment disputes because (1) the panels are unfairly stacked with lawyers who primarily represent employers in employment disputes; (2) a vast majority of the panelists are men; (3) a vast majority of the panelists are white; (4) a vast majority of the panels are comprised of lawyers who do not represent a cross-section of society; and (5) the AAA receives substantial contributions from employers.

On September 29, 1994, Defendants removed the case on the basis of diversity of citizenship alleging that Defendant Bargenquest was fraudulently joined. Alternatively, they removed the case on the basis of federal question jurisdiction. On October 26, 1994, Olson filed her motion for remand disputing the allegations of fraudulent joinder and federal question jurisdiction. The Court found that Defendant Bargenquest was fraudulently joined and denied Olson's motion for remand.

Defendants move to dismiss the case for failure to state a claim. They alternatively move for summary judgment. They argue that Olson fails to state a claim upon which relief can be granted under the Deceptive Trade Practices Act. Specifically, they argue: (1) Olson has not been damaged because she has not yet arbitrated her claims against her former employer; (2) Olson is not a consumer within the meaning of the DTPA because she entered into the arbitration agreement in connection with her employment contract; (3) even if the allegations about the arbitrators were true, they would not establish as a matter of law that the arbitrators are biased; (4) Olson has not given Bargenquest the required demand letter before initiating suit under the DTPA; (5) Bargenquest had no involvement in selecting arbitrators for the arbitration panels; (6) that they are immune from this type of suit under the doctrine of judicial, quasi-judicial, or arbitral immunity; and (7) Olson's suit is preempted and premature.

Olson responds that the Motion to Dismiss should be denied because Defendants rely on information extrinsic to the pleadings. She also argues that the Motion for Summary Judgment should be denied or continued under FED.R.CIV.P. 56(f). Olson contends that discovery is necessary to respond effectively to the Motion for Summary Judgment.

A motion under Rule 12(b)(6) tests the legal sufficiency of claims stated in the complaint and must be evaluated solely on the basis of the pleadings. *Jackson v. Procunier,* 789 F.2d 307 (5th Cir.1986). The court must decide whether the material facts alleged would entitle a plaintiff to offer evidence regarding the legal remedy it requests. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Unless the answer is unequivocally no, the motion must be denied. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

The United States Court of Appeals for the Fifth Circuit has established two primary considerations for a court's analysis of the propriety of dismissal under Rule 12(b)(6). First, the court must accept as true all well pleaded facts in the complaint, and the complaint is to be liberally construed in favor of the plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir.1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983). However, the court will not accept conclusory allegations in the complaint as true. *Id.* Second, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can

852

prove no set of facts that would entitle it to relief. *Id.*

Although Defendants request the Court to consider attached exhibits in support of its motions, the Court finds that the evidence is unnecessary and that the Motion to Dismiss can be considered based on Olson's pleadings. Olson argues that the arbitration panels are biased because (1) the panels are stacked with lawyers who primarily represent employers in employment disputes; (2) a vast majority of the panelists are men; (3) a vast majority of the panelists are white; (4) a vast majority of the panels are comprised of lawyers who do not represent a cross-section of society; and (5) the AAA receives substantial contributions from employers. Accepting these allegations as true, these allegations do not as a matter of law show bias. Olson speculates based on stereotypical characteristics that the arbitration panel in this case is biased. Olson's conclusion that the panel is biased is unsupported by her remaining allegations in her complaint. Accordingly, Defendants' Motion to Dismiss should be granted and the Alternative Motion for Summary Judgment should be declared moot.

It is therefore **ORDERED** that the Motion to Dismiss filed by Defendants on November 22, 1994, is granted.

It is **FURTHER ORDERED** that the Alternative Motion for Summary Judgment filed by Defendants on November 22, 1994, is declared moot.

## FINAL JUDGMENT

This action came before the Court, Honorable Robert B. Maloney, presiding, and the issues having been duly considered and a decision having been rendered.

It is **ORDERED** and **ADJUDGED** that Plaintiff's complaint is dismissed with prejudice.

It is **FURTHER ORDERED** and **ADJUDGED** that all relief not specifically granted herein is denied.

Signed this 31st day of January 1995.